The question before the court today is a very narrow one and has to do with applying plain error review to an indictment that omits an element of the offense. I believe that this court has previously found in other similar cases that prongs one and two of the plain error review standard have been met in a situation like this when the element is missing from the indictment that's error and it's clear and obvious. And so today we're looking at prongs three and four under Alano of the playing error test. And the first question obviously is whether the omission of the element had an effect on the proceedings. And in this case, the proceedings were a trial. And because there was no allegation of the element, the jury was not instructed to find the element. It obviously had an effect. And the question is whether the evidence was so overwhelming that this court can say that there was no effect on the outcome of the case. And although in this case there was some evidence from which a jury could theoretically make an inference, it was not overwhelming. There was the old chief stipulation that he had suffered a prior felony conviction, which is not sufficient. As the Fourth Circuit found in Nasir, the fact that you at the time of trial stipulate that you have a felony conviction says nothing about your knowledge at the time of the offense. And in this case, there was a slightly unusual stipulation that during a approximately two-year period of time, Mr. Johnson was in custody. But as the court knows, you can be in custody for many reasons other than being sentenced after a felony conviction. Help me with this. Of course, what you've stated so far, I don't disagree with that. But the PSR in this case showed that Johnson had three previous convictions other than the old chief one, each resulting in a sentence of over one year. He had an assault with a firearm with a six-year sentence, first-degree robbery, seven-year sentence, second-degree robbery with an eight-year sentence. And that evidence could have been presented by the government to the jury, and it's overwhelming. Under the post-Rahib standard, are we not to consider what would be done, basically, if the government had this information and put it before the jury? Isn't it overwhelming that the jury would find that the element that was missing pre-Rahib was fully satisfied? Your Honor, if this court follows the proposition laid out in Johnson by this court that on plain-error review, the court is free to go outside the record to look at evidence that the government could have introduced at trial, then yes. Obviously, my client has an extensive criminal history, and the government would have had more than sufficient evidence if they had introduced that evidence. Well, wouldn't – Ms. Ivins, wouldn't you have objected strenuously at trial to evidence that this man had had three prior felony convictions and spent at least 12, if not 15, years in jail? You would have been on your feet immediately, right? I would have, Judge Baird, and I think that the defense observations in Rehafe are going to be interesting to follow. They pointed out that an old chief stipulation was to try to avoid that very problem of the defendant's prior felony convictions coming into evidence, and we will have to see how that all plays out. Obviously, defense counsel will not want an overwhelming show of prior violent and troubling activity to come before the jury when it's a single issue, and the government will want sufficient evidence to demonstrate that they can prove the element – the Rehafe element of the offense, which is that he knew at the time of the offense that he was of the specific status, that is, a person who had been convicted of a crime that carried more than a year in prison as the punishment. Let me ask you one other question, which is this. There's a case that the Supreme Court has granted cert on called Greer. Yes. Is that precisely this case? I don't know if it's precisely this case, but I think it does call into question this court's prior decision in Johnson, as have other circuits. And so now we have a split of authority of whether Johnson – the other Johnson – we have a lot of Johnsons in the Rehafe area – whether you can look outside what the trial record was. And if this court cannot look outside the trial record, then I think prong three, the Alano standard, is satisfied in this case, because although there was evidence, there was not overwhelming evidence. Did you raise in your briefing this issue of you can't go to outside evidence? No, Your Honor, because at the time, I don't think any of us thought that the court would go to outside evidence. That happened later. Johnson came out later than the briefing. So, no. I mean, the government argued some outside evidence, and I argued it based on the trial record. So, it was silent on that issue. Unless the court has another question, I would turn very quickly to the fourth prong. And I think this case stands in a somewhat different situation than some of the other cases where courts have ruled that somehow the fact that the element was not charged by the grand jury isn't a problem because somehow that can be waived or it can be stipulated to. This was a trial. It wasn't a guilty plea. And so, Mr. Valentino did nothing to say that he was waiving his right to be charged by a grand jury with all the elements of the offense. And in that situation, we do have a serious question about the integrity of the proceedings and the integrity of the judicial process if we allow people to stand convicted based on an element that we are finding with evidence not presented to a jury of an element not returned by the grand jury. And if we allow that to happen, we really are just convicting people based on judicial fact-finding and not based on a grand jury and a pettit jury finding the defendant guilty. You mentioned that there was some evidence in the record from which it's conceivable that the jury could find that he had, you said, suffered a conviction of more than one year. What was that evidence? Well, obviously, the old chief stipulation showed that he had suffered it, that at the time of trial, he must have known because he stipulated to having it. The other piece was a trial stipulation that was rather detailed and had one piece that said he was stipulating to the fact that he had been in custody. That was the phrase in the stipulation, that he had been in custody for a period of approximately two years. But it did not say for what purpose he'd been in custody. And so to draw an inference that he had been in custody from a felony conviction and knew that might be a bridge too far based on that record. And even if it isn't, it is not overwhelming. And if the court has no further questions, I'd like to save your time. That would be fine. Very well. So let's hear from Mr. Caliba for the government, please. Thank you, Your Honor, and good morning. Daniel Caliba on behalf of the United States, and may it please the Court. We ask the Court to affirm this conviction. The Supreme Court's decision in United States v. Cotton is squarely on point with the two primary issues that are raised in this appeal. The first is this Court's subject matter jurisdiction. And the second is the application of plain error review for the claim as an alleged defect in the indictment. The two factual stipulations that were entered into the record established Mr. Johnson's knowledge of the missing element from the indictment. His knowledge of the felony status. What was characterized as the old chief stipulation or the stipulation as to his felony status. Was found in this Court's decision, United States v. Benamor, to be sufficient to establish that missing element. Additionally, this Court, the second stipulation, which provided evidence of the length of a custodial sentence, which was nearly two years in length, also establishes evidence from the trial record itself that Johnson had knowledge of his felony status. We've also pointed, in our brief, to pre-trial recordings between Mr. Johnson and Ms. McAlpine, where he was urging a person, Ms. McAlpine, to claim that the gun belonged to her and that she possessed it, which is evidence that he's aware it's not the possession of the firearm that was criminal, but it turned on one's status. But if I could take a step back as well, on the question of plain error review, as the Court has suggested, the question is, is there really any reasonable probability, if the Court were to correct the error, that the outcome of this proceeding would be any different? And there's just no possible way. The defense doesn't even offer a plausible explanation of how the retrial would be any different. Turning to Mr. Johnson's criminal record, it's not just three felony convictions, he has six felony convictions. He's been under felony supervision of either probation or parole for his entire adult life. He's had sentences of imprisonment of eight years, seven years, six years, and four years. Many of these crimes were serious, many of them were violent. I can't imagine, under any circumstances, upon a retrial, where the defense would want this evidence put before a jury. What is the import of this dispute that's before the Supreme Court about looking outside the record? Because the trial record doesn't have all that in it, does it? That's correct, Your Honor. This Court in Denimore, which was cited in our case, does look outside the trial record for our convictions. This Court in Lamar Johnson, which was decided recently, also looks outside the trial record. We believe this Court can affirm the conviction by looking at the stipulations and the conversations that were cited in our brief between Mr. Johnson and a third party as evidence in support of the conviction. But the law of this circuit, as present, is it's permissible to look at things like prior convictions when the Court is conducting... Yes, I understand that. What I'm asking you is, now that the Supreme Court has granted cert, does that affect this discussion in any way? Now that it's granted cert on this question of looking outside the record. Does that, like, that won't ever come up in this case because it's been waived or something? I want to know what that has to do with what we're talking about today. Yes, Your Honor, it may have an effect on the scope of review. Although, the law of the circuit under Johnson and even Denimore is, in these types of claims, it is permissible. It is permissible. But yes, Your Honor, it may have an effect. Okay. Can I ask, you're going back to this. He stipulated that, to the felony, that he was stipulated that he was sentenced to this. But, as I understand it, he didn't stipulate that he understood at the time he had the gun that he was subject to a sentence of more than one year. Yes, Your Honor. The stipulation that was entered into was, is different from what a stipulation would look like today on this question. Right. Where it will clearly and plainly establish a knowledge, the knowledge component to felony status. Although, it is permissible to infer knowledge from circumstantial evidence. That's what we're asking you to do, essentially. Although, I would say again, back to Denimore, this court held the first stipulation alone does cover it, does cover the knowledge question. If I may... Is it your position, then, that even putting aside references to prior convictions, that the record in this case is sufficient to fill in the missing element from Rahib, that at least under plain error review, we could uphold the sentence? Is that your position? That is correct, Your Honor. Looking at the trial record alone, under pursuant to Cotton, this court could affirm the conviction. I would like to address the question about the subject matter jurisdiction and the issue of grand jury proceeding, the integrity of that. And again, I would point this court to the decision in the United States versus Cotton, which was a virtually identical type of claim, which is a legal error raised to an indictment due to a change of law. There, it was the Apprendi decision that was decided during the pendency of the Cotton appeal. And the Supreme Court said, we're not going to go back and look at what happened in the grand jury. We're not going to go back and see what kind of fact-finding was present. And it even said that type of Fifth Amendment due process claim is forfeited once the case, where it's not raised below, and where the case is then submitted to a pettit jury for finding a fact, and where the pettit jury returns a verdict. Instead, this court looks at the trial record. And if the trial record provides that necessary evidence, then the petitioner cannot establish the fourth prong of plain error review. And we think that applies with equal force here. You say if it applies it based upon what we think the jury could draw from the evidence, is that what you're saying? Yes, Your Honor. It's up to the court to decide. Had the jury been asked on that question, based on the record that was submitted at trial, is there evidence that's uncontroverted and overwhelming to prove the missing element? Let's see if I've got you straight. There's a stipulation at the commencement of trial that Johnson had suffered a conviction of a year or more since, and also that he was in custody for almost two years. How do you rationally go from those two stipulations, which is all we have on the record, to the conclusion that when he possessed the gun, he knew that he was a convicted felon? We asked the court to do the predictive judging, as the court described in Lamar Johnson, and draw the inference based on that stipulation, that it establishes knowledge. And we rely on RAH 8 that says it's not a high burden. It's not a high burden to establish knowledge. But what you're asking this court to do is to determine a factual issue, which is an element of the crime, knowledge of the crime, that he possessed the gun, without submitting it to the jury. And that is not what Avanti said, right? No, but that is the application of plain error review under Cotton, which is where the court has to look at the record itself and determine on its own, is there evidence that proves the point? But the evidence is not in the record. The evidence is in the record in the form of those stipulations. Yeah, but the stipulations, we would have to do a little space to go from the stipulations to what was Valentino Johnson's knowledge at the time of the crime, would we not? That was the view of the court in Lamar Johnson, as far as the evidentiary weight of that stipulation. That was the law in Lamar Johnson, regardless of whether cert has been granted in Greer. I'm sorry, sir. I missed the beginning of the question. What you're saying is we are bound by Lamar Johnson, and we should not hold the case until Greer is decided. Yes, Your Honor. Lamar Johnson is the law of the circuit at this time. Thank you. So your focus, counsel, is on plain error review, not what we would have done if we were starting this to have an issue. That's correct, Your Honor. It is the plain error review. And the question is, was there a miscarriage of justice due to the underlying proceeding? And we don't believe that Mr. Johnson can carry his burden to show either prejudice or that the conviction affected the fairness and integrity of this proceeding, and we ask the court to affirm. Very well. Any additional questions by my colleague? No. Okay. Thanks very much. Ms. Ivins, you have some rebuttal time. I think your microphone is off. Very briefly, my opposing counsel mentioned a third fact for which he wants this court to draw on evidence of overwhelming and uncontested evidence, and that was the conversations that Mr. Johnson had with Ms. McAlpin regarding, you know, who's to say who owns the gun. And clearly, there is an inference that that was about him being a felon, but there's also an inference that that was about him being on parole, and it would have been a violation of parole. And so although, as I said before, there is evidence from which a jury could theoretically draw an inference, it is neither uncontested nor overwhelming, and that is the standard. And if we're going to look outside the record, then that probably is the end for Mr. Valentino, but I do think that the state of the law now is that the court should either reconsider Johnson based on Greer having cert granted or hold the case for Greer's decision. Do you agree that if Greer didn't exist, that we would be bound by Johnson to basically find that there was no plenary? Your Honor, the only difference in this case has to do with the fact that this is a trial case. Right. And I guess I would have come up with an argument to distinguish it. But once Greer had cert granted, I think that really changes the ballgame in the correct direction, because I think in a trial case, particularly going outside the record to basically have a redo in a judge's mind of what actually happened before the jury really is a bridge too far. But again, Ms. Ivins, if we had a trial and the prosecution would proffer evidence of those six convictions, you would be strenuously objecting to it as showing prior misconduct. I assume, Your Honor, that over the next three to five years, we're going to have something to replace old chief. That is going to start to address that problem now that we have the decision in Rehave. Other questions by my colleagues? Thank you both, counsel, for your argument. Very helpful. The case just argued is submitted.
judges: Bea, M. Smith, Restani